```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
LUISA SANCHEZ,

                    Plaintiff,
                                                    DECISION AND ORDER
         -against-                                  12-cv-6322 (ADS)(ARL)

VIVA NAIL NY INC. and YANG S. CHU,

                    Defendants.
---------------------------------------------------------X
```

**APPEARANCES:**

**Frank & Associates P.C.**
*Attorneys for the Plaintiff*
500 Bi-county Blvd, 112n
Farmingdale, NY 11735
    By:    Peter Arcadio Romero, Esq.
               Andrea E. Batres, Esq., Of Counsel


**NO APPEARANCE:**

*Viva Nail NY Inc.*
*Yang S. Chu*

**SPATT, District Judge.**

      The Plaintiff commenced this action on or about December 21, 2012, asserting claims against the Defendants for failure to pay the minimum wage in violation of the federal Fair Labor Standards Act and the New York State labor law. The Clerk of the Court having noted the default of the Defendant on April 29, 2013, the Court referred this matter to United States Magistrate Arlene R. Lindsay for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs.

On February 12, 2014, Judge Lindsay issued a thorough report recommending that a default judgment be granted and that the Plaintiff be awarded an amount of $30,552.47 in unpaid minimum, overtime and spread of hours wages; $32,450.04 in liquidated damages; and $492.60 in costs. Judge Lindsay recognized that the Plaintiff is entitled to prejudgment interest under her New York Labor Law claim. However, Judge Lindsay indicated that she could not recommend a precise amount "because the plaintiff ha[d] not provided the court with a calculation that specifies the unpaid state wages and overtime for which she has not recovered FLSA liquidated damages." Thus, Judge Lindsay recommended that the Plaintiff's request for prejudgment interest be denied "until she clarifies her calculation" in this regard.

Judge Lindsay further recommended that the Plaintiff's request for attorneys' fees be denied because she "ha[d] not provided the court with any information concerning the level of experience of the attorneys who worked on the case." Judge Lindsay also noted that the Plaintiff utilized a "blended rate" of $275 per hour, "which makes the assessment even more difficult." The Plaintiff subsequently filed limited objections to Judge Lindsay's report.

When a party objects to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "After reviewing the Report–Recommendation, the Court may 'accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge.'" O'Diah v. Mawhir, No. 08–CV–322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (quoting 28 U.S.C. § 636 (b)(1) (C)).

In the Plaintiff's objections, she purports to clarify the extent of her entitlement to prejudgment interest and her counsel's litigation experience. However, the Plaintiff presents no affidavit or other admissible evidence of these expenses. "[A]ttorneys' fees cannot be awarded in the absence of records." Gissinger v. Yung, CV-04-0534 (BMC)(JO), 2007 WL 2228153, at *8 (E.D.N.Y. July 31, 2007); see also New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983) (holding that the plaintiffs must substantiate their claims for reimbursement). Accordingly, the Court denies the Plaintiff's objections without prejudice. If she chooses, the Plaintiff is directed to renew her motion for prejudgment interest and attorneys' fees with proper documentation within thirty days of the date of this order.

For the foregoing reasons, it is hereby:

**ORDERED**, that Judge Lindsay's Report and Recommendation is adopted in its entirety. The Clerk of the Court is directed to enter a default judgment in favor of the Plaintiff in the amount of $30,552.47 in unpaid minimum, overtime and spread of hours wages; $32,450.04 in liquidated damages; and $492.60 in costs. The Plaintiff's limited objections are denied without prejudice. If she chooses, the Plaintiff is directed to renew her motion for prejudgment interest and attorneys' fees, with proper documentation, within thirty days of the date of this order. Otherwise, the Court will direct the Clerk to mark this case as closed.

**SO ORDERED.**

Dated: Central Islip, New York
March 5, 2014

                                                                                                 *Arthur D. Spatt*
                                                                                                  ARTHUR D. SPATT
                                                                                United States District Judge